UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

LORI LYNN BURKALL,

               Debtor.

_____/

Case No. 16-05344
Hon. Scott W. Dales
Chapter 7
(Converted from Chapter 13 on
March 20, 2017)

MEMORANDUM ORDER REGARDING FEES

PRESENT:    HONORABLE SCOTT W. DALES
                    United States Bankruptcy Judge

Attorney Martin Holmes, Esq., filed a Petition for Allowance of Fees for Attorney for the Debtors [sic] on May 9, 2017 (the "Fee Application," ECF No. 57), two months after his client, Lori Lynn Burkall (the "Debtor"), voluntarily converted her chapter 13 case to chapter 7.

After giving appropriate notice of the Fee Application under LBR 9013(c), and receiving no objections, Mr. Holmes filed a certificate of no objection. Nevertheless, the court scheduled a hearing to consider the Fee Application.

At a hearing in Grand Rapids, Michigan, on August 15, 2017, Mr. Holmes and the Debtor both appeared in support of the Fee Application. For her part, the Debtor clearly stated that she wishes to pay Mr. Holmes for the services he performed.

After a brief colloquy, the court announced its intention to approve the fees and expenses allocable to the chapter 13 phase of the case as a reasonable expense of administration under 11 U.S.C. §§ 330(a)(4)(B) and 503(b). Mr. Holmes's rates are reasonable, and the hours spent made good sense at the time, even acknowledging that the case converted before confirmation. *See In re Boddy*, 950 F.2d 334, 338 (6th Cir. 1991); 11 U.S.C. § 330(a)(3)(C). The court noted, however, that the award of chapter 13 fees

would be payable pursuant to § 726(b) after payment of chapter 7 administrative expenses, and that the court would not require the Debtor to pay the fees.  Of course, nothing prevents the Debtor from paying Mr. Holmes voluntarily with her post-petition wages including, for example, the funds the chapter 13 trustee reportedly returned to her under § 348.

The Debtor converted her case on March 20, 2017.  *See* Notice of Conversion of Case Under Chapter 13 to Case Under Chapter 7 Together With Related Order (ECF No. 43).[1]  The court finds that Mr. Holmes is entitled to recover from the estate the sum of $4,440.00 in fees, and $236.53 in expenses for representing the Debtor in connection with the chapter 13 case, less any payments already received on this account.  Payment of the approved fees from estate property, however, must await distribution under § 726(b), after payment of chapter 7 administrative claims. 11 U.S.C. § 726(b).  Although the approved fees will be dischargeable in the Debtor's chapter 7 case, the discharge will not preclude her from voluntarily paying Mr. Holmes for representing her during her chapter 13 case. *See* 11 U.S.C. § 524(f) (nothing in § 524(c) or (d) prevents a debtor from paying any debt); *id.* § 727(b)(chapter 7 discharge discharges most debts that arose before the order for relief under chapter 7).

With respect to the post-conversion fees included within the Fee Application, the court took the matter under advisement.  First, after *Lamie v. United States Trustee*, 540 U.S. 526 (2004), it is clear that chapter 7 debtor's counsel cannot recover from the bankruptcy estate any fees incurred in representing a debtor.  Nevertheless, it is appropriate for a court to scrutinize fees incurred in representing a chapter 7 debtor under § 329 and

---

[1] Although the Debtor filed a motion to convert the case and requested an order to that effect, *see* ECF No. 42, an order is not necessary to effect a conversion from chapter 13 to chapter 7 at the behest of a debtor. *See* Fed. R. Bankr. P. 1017(f)(3).

Fed. R. Bankr. P. 2017, even if the fees will not be taxed as a cost of administration under § 330. *Cf. In re Acevedo*, No. DG 12-06576, 2015 WL 3373030, at *5 (Bankr. W.D. Mich. Jan. 26, 2015) (declining to approve fees under § 330 while noting that interested parties remain free to seek relief under § 329).  Second, having considered the fees listed in the Fee Application that post-date the order for relief under chapter 7, the court finds them reasonable, and certainly not excessive.  11 U.S.C. § 329(b); Fed. R. Bankr. P. 2017(b). The Debtor may pay the fees and expenses, and Mr. Holmes may recover them, but her bankruptcy estate has no authority or duty to pay any fees incurred after the chapter 7 order for relief on March 20, 2017.

NOW, THEREFORE, IT IS HEREBY ORDERED that (1) the Fee Application is GRANTED to the extent it seeks approval of fees and expenses under §§ 330(a)(4)(B) and 503(b) in the amount of $4,440.00 in fees, and $236.53 in expenses (less any payments already received on this account), and DENIED in all other respects.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Martin Holmes, Esq., Lori Lynn Burkall, Brett N. Rodgers, Esq., Thomas A. Bruinsma, Esq., and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated September 5, 2017**



Scott W. Dales
United States Bankruptcy Judge